IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WATSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | 1:13-cv-2849 |
| v. | : | |
| | : | Hon. John E. Jones III |
| NANCY GIROUX and the | : | |
| PENNSYLVANIA ATTORNEY | : | |
| GENERAL, | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM**

**January 14, 2014**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner James Watson ("Petitioner" or "Watson"), an inmate presently confined at the Albion State Correctional Institution ("SCI Albion") in Albion, Pennsylvania, initiated that above *pro se* action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). He challenges his convictions in the Bradford County Court of Common Pleas for first degree murder, criminal conspiracy to commit murder, kidnapping with intent to inflict bodily injury, criminal conspiracy to commit aggravated assault, tampering with evidence, and person not to own or possess a firearm. (*Id.*). Watson has additionally filed a motion for leave to proceed *in forma pauperis* (Doc. 6) and a motion to place his petition for writ of habeas corpus in abeyance pending state

court disposition, (Doc. 2). For the reasons discussed below, we shall grant Watson's motion for leave to proceed *in forma pauperis* for the sole purpose of filing the Petition, deny Watson's motion for stay, and dismiss the Petition without prejudice to allow the state courts time to complete their review of these claims.

**I.     FACTUAL BACKGROUND**

In his Petition, Watson states that a jury found him guilty of the aforementioned charges on September 13, 2002. (Doc. 3, p. 7). Watson explains that he took a direct appeal after his trial and guilty verdict, and that the Pennsylvania Supreme Court ultimately denied his allowance of appeal in 2005. (Doc. 1, p. 3-4). Watson further explains that he filed his Post Conviction Relief Act ("PCRA") Petition in the Bradford County Court of Common Pleas on May 18, 2005. (*Id.* at 4). In his PCRA petition he raised the following grounds:

> 1. Did the district attorney's trial summation, as it pertained to the fact that [Petitioner], co-defendant Kenny Watson and an unindicted alleged co-conspirator and accomplice Michael Robinson, did not testify at trial, constitute prosecutorial misconduct warranting a new trial? (Ineffective Assistance of Trial Counsel)
>
> 2. Did [Petitioner's] trial attorney have a conflict of interest which prejudiced [Petitioner] when he represented [Petitioner] while and after and he also represented Rodney Watson, thus causing the need for a new trial? (Ineffective Assistance of Counsel)
>
> 3. Did recantation testimony of Myrna Taitts trial testimony, and pre-trial statements she gave the Pennsylvania State Police to the effect that [Petitioner] confessed to having committed the homicide at issue, warrant a new trial? (Newly Found Evidence)

4. Did Rodney Watson's post homicide behavior and statement establish that he was more than a witness to the victims murder, that he was actively criminally involved, so much so that [Petitioner] is entitled to a new trial? (Newly Found Evidence) (A) Rodney Watson statement that he didn't see [Petitioner] commit the homicide, (B) Rodney Watson's theft of a safe which predicated the homicide, (C) Rodney Watson said he wasn't going to spend his life in jail for the homicide at issue

5. Did trial counsel render ineffective assistance to [Petitioner], given that Janelle Prato, pre-trial, told defense attorney investigator that Jennifer Barr (who at trial testified that she was an eyewitness to the homicide and [Petitioner] told her that he killed [victim], TOLD HER [Petitioner] didn't kill victim? (Ineffective Assistance of Counsel)

6. Was [Appellant's] right to appeal violated? [Ineffective Assistance of Counsel]

(sic) (*Id.* at 4-4A).

Watson's Petition was denied by the PCRA court on January 4, 2011. (*Id.*). On June 1, 2012, the Pennsylvania Superior Court affirmed in part and remanded in part, for further proceedings, the decision of the PCRA court. (*Commonwealth v. Watson,* CP-08-CR-0000449-2001). The Superior Court affirmed the PCRA court's finding that trial counsel was not ineffective for failing to object to the district attorney's closing argument and was not ineffective regarding an alleged conflict of interest. *Commonwealth v. Watson,* No. 202 MDA 2011, p. 9-16 (Pa. Sup. June 1, 2012). The Superior Court also affirmed the PCRA court's decision to deny Watson's claims of after-discovered evidence. (*Id.* at 16-24). Finally, the

3

Superior Court remanded "the matter to the PCRA court for consideration of [Watson's] fifth issue as it relates to Janelle Prato's testimony, and [Watson's] sixth issue concerning counsel's consultation with [Watson] about his appellate issues" because these issues necessitated a credibility determination by the PCRA court. (*Id.* at 24-26).

Watson filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court which was denied on August 22, 2013. (*See Commonwealth v. Watson,* CP-08-CR-0000449-2001). The Bradford County Court of Common Pleas received the certificate of remittal/remand of record on August 26, 2013. (*Id.*). As such, Watson's state case is currently pending.[1]

Watson filed his current habeas Petition on November 22, 2013. (Doc. 1). Watson states the following grounds for relief in the instant Petition:

    I.    Petitioner was denied effective assistance of counsel due to conflict of interest.

    II.    Petitioner was denied due process of law and a fair trial by judicial error.

    III.    Petitioner was denied due process of law and a fair trial due to trial counsel's failure to object to multiple instances of prosecutorial misconduct.

    IV.    Petitioner was denied due process and a fair trial by trial counsel's failure to properly prepare for trial.

---

[1] In his "Motion to Place Writ of Habeas Corpus in Abeyance Pending State Court Disposition," Watson concedes that his case is pending before the state court. (Doc. 2).

(Doc. 3, p. 6). As is evident from the above narrative, and from Watson's own motion for abeyance, Watson's Petition is a mixed petition in that it concerns both exhausted and unexhausted claims.[2]

## II. DISCUSSION

Where a petition is "mixed"- i.e. it contains both exhausted and unexhausted claims- the Court has several courses of action available to it. First, the Court can dismiss the petition without prejudice in order to allow the petitioner to return to state court and totally exhaust his claims, or to proceed in federal court on a petition which raises only fully exhausted issues. *See Rose v. Lundy*, 455 U.S. 509

---

[2]Before a federal court can review the merits of a state prisoner's habeas petition, it must determine whether the petitioner has met the requirements of exhaustion. Relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1).

To satisfy the exhaustion requirement, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *see also Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir.2004). The exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a PCRA petition. *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir.1984). It is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts both on direct appeal and in a PCRA proceeding. *Id*. However, a petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *Castille v. Peoples*, 489 U.S. 346, 350 (1989).

It is apparent from the instant Petition, the motion for abeyance, and a review of the docket pertaining to Watson's state case, that there are current state court proceedings pending. Because the Superior Court affirmed in part and remanded in part the decision of the PCRA court, not all of his claims, specifically those that include issues on remand to the PCRA court, have been fully exhausted. Indeed, Petitioner admits that he has not fully exhausted his claims. (Doc. 2, ¶ 4).

(1982). This approach advances the underlying purpose of the exhaustion rule of ensuring comity between the state and federal systems by allowing the state courts to fully pass upon the issues presented before they are presented in federal court.

However, because some petitioners may be unable to fully exhaust their state remedies on the claims presented in their mixed petitions before the one-year statute of limitations for filing a federal habeas petition expires, a second course of action has developed. In this alternative approach, referred to as "stay and abeyance", the Court issues a stay of the federal habeas proceedings during the time in which the petitioner exhausts state court remedies. *See Rhines v. Weber*, 544 U.S. 269 (2005). However, in *Rhines*, the United States Supreme Court expressed the following concerns about this approach:

> Stay and abeyance, if employed too frequently, has the potential to undermine the [ ] twin purposes [behind the statute of limitations and the exhaustion doctrine]. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all of his claims in state court prior to filing his federal petition.

*Id.* at 277. To address these concerns, the Supreme Court emphasized that stay and abeyance should be available only in "limited circumstances" where the district court has determined that there was good cause for the petitioner's failure to exhaust his claims first in the state court, and that the claims sought to be

6

exhausted are not "plainly meritless." *Id.* The Third Circuit Court of Appeals recently held that, a petitioner seeking to obtain a stay and abeyance should "satisf[y] the three requirements for a stay as laid out in *Rhines*: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." *Heleva v. Brooks*, 581 F.3d 187, 192 (3d Cir. 2009).

Along with his Petition, Watson filed a Motion to Place Writ of Habeas Corpus in Abeyance Pending State Court Disposition. (Doc. 2). In this motion, Watson claims that he is on the verge of the expiration of the one (1) year statute of limitations under 28 U.S.C. § 2244, and requests a stay on that premise. (*Id.*).

Having determined that not all of Watson's claims have been exhausted, the Court must consider whether the issuance of a stay is appropriate pending the completion of state court proceedings. Initially, the Court considers whether Watson can demonstrate "good cause" for the issuance of a stay. To show good cause, a petitioner must show that requiring exhaustion will result in his petition being time-barred under § 2244. *See Heleva,* 581 F.3d at 192. Section 2244 establishes a one-year statute of limitations for federal habeas corpus petitions filed by a person in state custody. 28 U.S.C. § 2244(d)(1). However, 28 U.S.C. § 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." A "properly filed

7

application" for post-conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. *Lovasz v. Vaugh*, 134 F.3d 146, 148 (3d Cir. 1998).

In this case, Watson's judgment of sentence became final on August 15, 2005, ninety (90) days after the Pennsylvania Supreme Court affirmed the decision of the Superior Court, pursuant to 42 Pa. C.S.A. § 9545(b)(3). (*See Commonwealth v. Watson,* CP-08-CR-0000449-2001). Therefore, the one-year period under § 2241(d)(1) for filing a habeas petition should have commenced on that date. Notably however, the statute of limitations never started to run because on May 18, 2005 it was tolled by Watson's filing of the PCRA petition and remains tolled because appellate review of the PCRA petition has not yet been completed. *See* 28 U.S.C. § 2244(d)(2). Therefore, upon disposition of his state court proceedings, Watson will have the entire one-year to file a habeas petition in this Court concerning his unexhausted claims. Because there will be sufficient time for Watson to return to this court to pursue a federal habeas petition upon the completion of the state court proceedings, he cannot demonstrate good cause to justify that the Court grant his motion and enter a stay in this case. Further, because Watson cannot demonstrate good cause for the entry of a stay, we need not analyze the remaining *Rhines* requirements (*i.e.* whether his unexhausted claims have merit and whether there is a lack of intentionally dilatory litigation tactics).

Considering the above, Watson's motion for a stay will be denied. Because Watson has a mixed Petition and because we have denied his motion to stay, the Court will also dismiss the entire Petition without prejudice in order to allow the state courts time to complete their review of these claims.[3] *See Rose,* 455 U.S. 509. An appropriate Order follows.

---

[3] The Court notes that while we could proceed on a petition which only raises Watson's fully exhausted issues, *see Rose v. Lundy,* 455 U.S. 509 (1982), considering Watson's motion to stay, we believe the better course is to dismiss the petition without prejudice to Watson filing a complete habeas petition after the state court proceedings have finished.